UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. HANSEL M. DEBARTOLO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CIGNA HEALTHCARE OF ILLINOIS, INC., )<br>and NORTHWEST AIRLINES, INC., )<br>)<br>Defendants. )<br>) | Case No.: 08 C 287<br><br>Judge Gotschall<br>Magistrate Judge Keys |

## DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

NOW COMES Defendant, CIGNA HEALTHCARE OF ILLINOIS INC. ("CIGNA"), by its attorneys, Daniel K. Ryan and Stephen D. Vernon and moves to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6), and in support states the following:

## INTRODUCTION

Dr. Hansel M. DeBartolo ("DeBartolo") filed a two count Complaint against CIGNA seeking payment of medical benefits and certain statutory penalties based on an a purported assignment by his patient, Kristin Incrocci ("Incrocci"), of her rights under an employee benefit plan sponsored by Northwest Airlines, Inc. and allegedly administered by CIGNA (the "Plan"). Count I asserts that Defendants failed to pay benefits to DeBartolo in violation of 29 U.S.C. 1132(a)(1)(B) of the Employee Benefit Income Security Act ("ERISA"). In Count II, DeBartolo seeks penalties under 29 U.S.C. 1132 (c)(1) based on Defendants' alleged failure to provide him with information relating to the Plan. However the allegations of DeBartolo's Complaint against

CIGNA are directly contradicted by the Exhibits attached thereto.[1] Specifically, the purported assignment from which DeBartolo contends he has standing to sue is related to Connecticut General Life Insurance Company a separate and distinct legal entity from CIGNA and not named as Defendant in this action. Similarly, the letter requesting information regarding the Plan is addressed to the "NWA/Midwest Claim Center and Connecticut General Life Insurance" rather than CIGNA. Accordingly, CIGNA should be dismissed from this case as it is not a correct defendant.

Even if CIGNA were a proper defendant (which it is not), Count I must be dismissed as the assignment dated July 8, 1997 attached to DeBartolo's Complaint demonstrates that DeBartolo's claims are time barred by Illinois's ten (10) year statute of limitations applicable to a claim under ERISA for failure to pay benefits. Count II must be dismissed because a prerequisite to a claim under 29 U.S.C. 1132 (c)(1) for failure to provide information related to an employee benefit plan is submission of a written request to the Plan Administrator. While DeBartolo alleges that CIGNA was the Plan Administrator, Exhibit B to his Complaint demonstrates that his request for information was submitted to "NWA/Midwest Claim Center and Connecticut General Life Insurance" not CIGNA. As such, DeBartolo cannot state a claim against CIGNA under 29 U.S.C. 1132 (c)(1).

## THE ALLEGATIONS OF PLAINTIFF'S COMPLAINT

DeBartolo is a physician licensed to practice in the State of Illinois and maintains a practice in Sugar Grove, Illinois. Complaint ¶ 1. Incrocci was his patient. Complaint ¶ 8. Plaintiff

---

[1] DeBartolo's Complaint is also legally insufficient because he has not named the Plan. An action seeking benefits under ERISA must be brought against the Plan. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996).

alleges that CIGNA provided certain administrative services to a self funded employee benefits plan for eligible individuals of Northwest Airlines, Inc. Complaint ¶¶ 2-3.

Before rendering medical services to Incrocci, DeBartolo allegedly contacted CIGNA to verify that Incrocci was "covered" under the Plan. Complaint ¶ 8. Incrocci then allegedly executed an assignment of her rights to medical benefits from CIGNA to DeBartolo. Complaint ¶ 9. The assignment states that Incrocci assigns her rights from "Connecticut General" to DeBartolo and is dated July 8, 1997. Complaint at Exhibit A. DeBartolo alleges that a balance of $5,934.96 for services furnished to Incrocci remains outstanding. Complaint ¶ 11. Count I seeks payment for those services, punitive damages, injunctive relief and attorney's fees. Complaint ¶¶ 7-15 and A-F.

In Count II, DeBartolo alleges that on or about July 31, 1998, he requested information relating to the Plan from CIGNA. Complaint ¶ 17 and at Exhibit B. DeBartolo attaches a purported copy of this request to his Complaint. Complaint at Exhibit B. The request is addressed to the "NWA/Midwest Claims Center, Connecticut General Life Insurance, P.O. Box 3004, Bourbons, IL 60914." Complaint at Exhibit B. DeBartolo alleges that CIGNA failed to respond to his request for information concerning the Plan. Complaint ¶ 18. DeBartolo seeks declaratory relief, injunctive relief, statutory penalties, and attorney's fees based on the allegations contained in Count II. Complaint, Count II ¶¶ A-F.

## ARGUMENT

**I.     THE STANDARD OF REVIEW FOR A RULE 12(b)(6) MOTION TO DISMISS.**

A plaintiff's is obligated to provide the "grounds" of his "entitle[ment] to relief" in order to survive a Rule 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 -1965 (2007). This requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* The "factual allegations must be enough to raise a right to

3

relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* Additionally, when a plaintiff pleads herself out of court, i.e. admits all the ingredients of an impenetrable defense, a complaint that otherwise states a claim may be dismissed under Rule 12(b)(6). *Xechem, Inc. v. Bristol-Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir. 2004) (citing *Walker v. Thompson,* 288 F.3d 1005 (7th Cir.2002)).

## II.   CIGNA IS **NOT** A PROPER DEFENDANT.

Count I of DeBartolo's Complaint alleges that he is the assignee of Incrocci's rights for payment of certain medical benefits from CIGNA. Complaint ¶¶7-15. Count II of DeBartolo's Complaint alleges that he submitted a request for Plan information to CIGNA and that CIGNA failed to respond to that request. Complaint ¶¶17-20. However, the allegations of both Counts I and II are directly contradicted by the Exhibits DeBartolo attaches in support of those Counts. Specifically, the purported assignment attached as Exhibit A and on which DeBartolo bases his standing for Counts I and II is an assignment of his patient's rights from "Connecticut General" not CIGNA. Similarly, the request for information about the Plan that is attached as Exhibit B and on which DeBartolo bases Count II is addressed to "NWA/Midwest Claims Center, Connecticut General Life Insurance, P.O. Box 3004, Bourbons, IL 60914" not CIGNA.

Exhibits A and B demonstrate that DeBartolo was never assigned any rights against CIGNA and never submitted a request for information related to the Plan to CIGNA despite his allegations otherwise. It is well settled that "[w]here exhibits contradict the allegations in a complaint to which they are attached, the exhibits trump the allegations." *Smith v. Cash Store Management, Inc.,* 195 F.3d 325, 332 (7th Cir.1999). CIGNA and Connecticut General Life Insurance are legally separate and distinct entities. Specifically, CIGNA is an Illinois corporation where as Connecticut General Life Insurance Company is a Connecticut corporation.

6292607v2 885336

*See* printouts from the Illinois Secretary of State and the Connecticut Secretary of State attached hereto as Exhibits A and B.[2] Accordingly, Exhibits A and B to DeBartolo's Complaint trump the allegations contained in his Complaint and dismissal of CIGNA is proper. *Smith.,* 195 F.3d at 332; *see also Xechem, Inc.,* 372 F.3d at 901 (citing *Walker v. Thompson,* 288 F.3d 1005 (7th Cir.2002)) (a plaintiff may plead himself out of court).

### III.  COUNT I IS BARRED BY THE STATUTE OF LIMITATIONS.

The gist of Count I is that DeBartolo is entitled to payment of benefits by virtue of Incrocci assignment of her rights to medical benefits to him. Complaint ¶¶7-15. DeBartolo seeks relief under 29 U.S.C. 1132(a)(1)(B). The purported assignment is attached as Exhibit A to DeBartolo's Complaint. Complaint at Exhibit A. The assignment of "medical benefits and rights" for "services rendered" is dated July 8, 1997. However, DeBartolo did not file the present action until January 11, 2008 more then ten (10) years after the date of the assignment for "services rendered." Thus, DeBartolo's claims are barred by Illinois ten (10) year statute of limitations applicable to such claims.

ERISA itself does not impose a statute of limitations for the bringing of civil actions. In cases such as the present case, where a participant sues under 29 U.S.C. § 1132(a)(1)(B), seeking to recover benefits purportedly due him/her under the terms of his ERISA plan, the court applies the most analogous state statute of limitations. *Lumpkin v. Envirodyne Industries, Inc.,* 933 F.2d 449, 464-65 (7th Cir.1991). In cases brought for an alleged failure to pay benefits, the most

---

[2] A district court may take judicial notice of matters of public record without converting a Rule 12b(6) motion to dismiss into a motion for summary judgment. *Henson v. CSC Credit Services,* 29 F.3d 280, 284 (7th Cir. 1994) (judicial notice taken of earlier Indiana state court case in Fair Credit Reporting Act action); *Limestone Development Corp. v. Village of Lemont K.A.,* 473 F.Supp.2d 858, 867-68 (N.D.Ill. 2007) (previous state court litigation*).*; *Kim v. Sara Lee Bakery Group,* 412 F.Supp.2d 929, 931 (N.D.Ill. 2006) (court ruling in earlier N.D.Ill. case).

analogous Illinois statute of limitations is the 10-year limitations period for suits pertaining to written contracts. *Id.;* 735 ILCS 5/13-206.

Here, DeBartolo's purported assignment from Incrocci is dated July 8, 1997 and states the following:

> I assign my medical benefits and rights from Connecticut General to Dr. H.M. DeBartolo Jr., for <u>services rendered.</u>
>
> Complaint at Exhibit A. (Emphasis added).

Because DeBartolo as an assignee steps into the shoes of the assignor (Incrocci), his rights are no greater than the assignor's rights and all defenses CIGNA would have against a claim by assignor may be asserted against Debartolo. *Brandt v. Wisconsin Mach. Tool Corp.,* 1998 WL 473473, 2 (N.D.Ill. 1998); *Curtis v. Womeldorff*, 145 Ill.App.3d 1006, 1007 (4th Dist. 1986). The assignment by its terms are for medical benefits and rights for services rendered prior to July 8, 1997. However, DeBartolo did not file the present action until January 11, 2008 well after July 8, 2007 (the last day within Illinois ten year statute of limitations). As such, DeBartolo's claims for allegedly unpaid medical benefits are time barred on their face and require dismissal.[3]

## IV. COUNT II MUST BE DISMISSED BECAUSE DEBARTOLO DID NOT SUBMIT A REQUEST FOR PLAN DOCUMENTS TO CIGNA.

In Count II, DeBartolo alleges that he asked for "information" regarding the Plan pursuant to 29 U.S.C. 1132(c). Complaint ¶ 17. DeBartolo requests a penalty against CIGNA of $115.00 per day under § 1132(c) for its failure to make disclosures allegedly mandated by § 1024(b)(4). Complaint ¶ C. However, even if CIGNA had been the Plan Administrator (which

---

[3] DeBartolo also seeks punitive damages in Count I. Complaint, Count I, Prayer for Relief, ¶ C. However, extra-contractual damages, such as punitive damages, cannot be recovered under ERISA as a matter of law. See, e.g., *Lowe v. McGraw-Hill Companies*, 361 F.3d 335, 343 (7`" Cir. 2004). Thus, separate and apart from the reasons for the dismissal of the claim in Count I discussed above, DeBartolo's request for punitive damages for an asserted violation of ERISA must be dismissed.

it was not) DeBartolo's request for information was directed to "NWA/Midwest Claims Center, Connecticut General Life Insurance, P.O. Box 3004, Bourbons, IL 60914" not CIGNA. Thus, Count II must be dismissed because DeBartolo's request on its face was not directed to CIGNA.

A perquisite to an administrator's duty to furnish Plan information is a request for such information. The text 29 U.S.C. § 1024(b)(4) makes this clear by providing that:

> The administrator shall, <u>upon written request</u> of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated. (Emphasis added.)

The provision allowing for the imposition of penalties, § 1132(c)(1)(B), also makes clear that receipt of a request for information is prerequisite to imposing liability for failure to provide Plain information when it states:

> Any administrator … (B) <u>who fails or refuses to comply with a</u> <u>request for any information</u> which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $115 a day from the date of such failure or refusal.

*See* 28 U.S.C. § 1132(c)(1) (emphasis added).

Because Exhibit B to DeBartolo's Complaint demonstrates that he submitted his request for information related to the Plan to "NWA/Midwest Claims Center, Connecticut General Life Insurance, P.O. Box 3004, Bourbons, IL 60914" rather than CIGNA, he could not state a cause of action under § 1132(c) against CIGNA even if it had been the Plan Administrator as he never submitted a request for information related to the Plan to CIGNA. Accordingly, Count II of DeBartolo's Complaint requires dismissal as well.

7

**CONCLUSION**

DeBartolo's Complaint fails to state a cause of action as he cannot bring any of his claims against CIGNA. For the reasons set forth above, his Complaint must be dismissed, with prejudice.

>Respectfully submitted,
>
>CIGNA HEALTHCARE OF ILLINOIS, INC..
>
>
>By:  s/ Stephen D. Vernon
>        One of Its Attorneys

Daniel K. Ryan
Stephen D. Vernon
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois  60601
312-704-3000
svernon@hinshawlaw.com
dryan@hinshawlaw.com

6292607v2 885336